IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DENNIS SKINNER, et al.** ) | |
| **Plaintiff,** ) | |
| vs. ) | No. 3:14-CV-2421-N-BH |
| ) | |
| **NFN TAYLOR,  et al.,** ) | |
| **Defendants.** ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, plaintiff Dennis Skinner's claims should be **DISMISSED** without prejudice for failure to prosecute.

**I.  BACKGROUND**

On July 7, 2014, Dennis Skinner (Plaintiff), a prisoner at the Dallas County Jail, filed this civil action seeking relief under 42 U.S.C. § 1983 based on the conditions of his confinement, and moved to proceed *in forma pauperis*. (*See* docs. 3, 4.) On July 8, 2014, he was granted leave to proceed in forma pauperis under the Prison Litigation Reform Act (PLRA). (*See* doc. 5.) Plaintiff submitted a change of address showing he was no longer in jail or prison on August 12, 2014. (*See* doc. 12.) On August 13, 2014, he was ordered to pay the outstanding balance of the full filing fee within fourteen (14) days as required by the PLRA, and advised that his claims were subject to dismissal without prejudice under Federal Rule of Civil Procedure 41(b) if he did not comply with the order. (*See* doc. 13.) More than fourteen days have passed from the date of the order, but he has not paid the outstanding filing fee or otherwise responded to the order.

**II.  INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

*sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff failed to pay the balance of the filing fee as required by the PLRA, he has failed to comply with a Court order, and it appears that he no longer seeks to pursue his claims in this case.

### III. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders, unless he pays the outstanding balance of the filing fee within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 10th day of September, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                      IRMA CARRILLO RAMIREZ
                                                      UNITED STATES MAGISTRATE JUDGE