**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CHARLES WILLIAMS, et al.  ) | |
| (Dallas County Jail No. 11061262)  ) | |
|     Plaintiffs,  ) | |
| vs.  ) | No. 3:14-CV-2421-N-BH |
|   ) | |
| NFN TAYLOR, et al.,  ) | |
|     Defendants.  ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening. Based on the relevant filings and applicable law, plaintiff Charles Williams' claims should be **DISMISSED** without prejudice for failure to prosecute or follow court orders.

**I. BACKGROUND**

On July 7, 2014, Dennis Skinner, a prisoner at the Dallas County Jail, filed this civil action seeking relief under 42 U.S.C. § 1983 on behalf of himself and several other prisoners based on their conditions of confinement . (*See* doc. 3.) After he was notified that he could not represent others unless he was a licensed attorney, he filed an amended § 1983 complaint that was also signed by other prisoners, including Charles Williams (Plaintiff). (*See* doc. 7.) By order dated July 16, 2014, Plaintiff was notified that he was required by the Prison Litigation Reform Act to either pay the full filing fee or file a properly completed application to proceed *in forma pauperis,* and he was given 30 days to either pay the fee or submit his application. (*See* doc. 8.) The order specifically informed Plaintiff that his failure to timely comply could result in the dismissal of his claims without prejudice under Federal Rule of Civil Procedure 41(b). More than 30 days from the date of the order have passed, but Plaintiff has not paid the filing fee or moved to proceed *in forma pauperis*. Nor has he filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Because Plaintiff failed to pay the fee or file a motion to proceed *in forma pauperis,* he has failed to comply with a court order, and it appears that he no longer seeks to pursue his claims in this case.

## III.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders, unless he either pays the filing fee or files a motion for leave to proceed *in forma pauperis* within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED** this 11th day of September, 2014.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE